UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:   4:25−cr−20469 |
| Plaintiff, | HONORABLE: Shalina D. Kumar |
| v. | |
| JAMIE A. COLLIER, | VIOLATIONS: 18 U.S.C. § 371 (Conspiracy) |
| Defendant. | |

# **INFORMATION**

The Chief, designated Deputy Assistant Attorney General for Criminal Matters for the United States Department of Justice, Tax Division ("D.A.A.G."), charges:

At all times pertinent to this Information:

## **Introduction**

1. Defendant JAMIE A. COLLIER was a resident of Fenton, Michigan, in the Eastern District of Michigan, and was employed by a staffing company that initially was called Infinity Personnel Inc. but subsequently changed its name multiple times including, but not limited to, Infinity Staffing Services LLC, Infinity Employment Group Inc., and Girl Friday Associates Inc. (herein collectively referred to as "The Staffing Companies"). The Staffing Companies were in the

business of providing temporary employee staffing services to other businesses (clients of The Staffing Companies) throughout Michigan.

2. Defendant JAMIE A. COLLIER's responsibilities at The Staffing Companies included, but were not limited to, keeping track of hours worked by employees, interacting with The Staffing Companies' payroll processors, and issuing payroll checks to employees.

3. The true owner of The Staffing Companies was Individual A, a person known to the D.A.A.G. but not named as a defendant herein. Defendant JAMIE A. COLLIER served as a nominee owner of The Staffing Companies, meaning that she knowingly allowed her name to be used—on paperwork submitted to governments, banks, and clients—to indicate, falsely, that COLLIER was the owner of The Staffing Companies.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

5. Pursuant to Title 26 of the United States Code and associated statutes and regulations, employers, including The Staffing Companies, were required to withhold amounts from their employees' gross pay including federal income taxes and Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes. These taxes will be referred to in this

Information collectively as "trust fund taxes" because employers hold these amounts in trust until paid over to the United States. Employers were required to remit these trust fund taxes to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

6. In addition to the trust fund taxes that must be withheld from the employees' pay, employers, including The Staffing Companies, were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. These taxes will be referred to in this Information collectively as "the employer's share." Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly were commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income and FICA taxes) and the employer's share of employment taxes.

7. Employers were required to file, one month after the conclusion of each calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the number of employees who received wages, tips, or other compensation; the total wages, tips and other compensation paid; the total

3

amount of income taxes withheld; the total amount of Social Security and Medicare taxes due; and the total tax deposits made for the quarter.

8. A person was responsible for collecting, accounting for, and paying over the employment taxes if he or she had the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

9. The Staffing Companies were responsible for paying the salaries and paying over the employment taxes associated with all of the companies' employees, including the temporary employees The Staffing Companies provided to their clients.

### COUNT ONE
### 18 U.S.C. § 371
### (Conspiracy)

### Statutory Allegations

10. The allegations contained in paragraphs 1 through 9 are realleged and incorporated by reference as if fully set forth in this paragraph

11. From in or about December 2012, and continuing through in or about 2020, in the Eastern District of Michigan and elsewhere, defendant JAMIE A. COLLIER, Individual A, and others known and unknown, did unlawfully, voluntarily, intentionally, and knowingly combine, conspire, confederate, and agree together and with each other, to defraud the United States of America and an agency

thereof, to wit, the Internal Revenue Service ("IRS") of the U.S. Department of the Treasury, for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the IRS in the ascertainment, computation, assessment, and collection of revenue, to wit, federal employment taxes.

12. As a result of the conspiracy to defraud the United States, Defendant JAMIE A. COLLIER caused a tax loss of at least $945,178.63, which is comprised of at least $776,113.36 in trust fund taxes, and at least $169,065.27 in the employer's share of employment taxes.

**Manner and Means by Which the Conspiracy Was Carried Out**

13. Defendant JAMIE A. COLLIER and her co-conspirator(s) individually and together sought to accomplish the objects of the conspiracy through the following manner and means, among others:

    A. Owning and operating The Staffing Companies, which held themselves out as full-service employment agencies that recruited temporary employees and placed them with clients to help with manual labor, manufacturing, and office administration, among other tasks.

    B. Withholding trust fund taxes from the pay of employees at The Staffing Companies, and recording such withholdings on paystubs and Forms W-2 issued to the employees,

5

      while failing to pay over the trust fund taxes due to the IRS.

C. Failing to pay over the employer's share of employment taxes due to the IRS.

D. Failing to timely submit quarterly employment tax returns, Forms 941, to the IRS.

### Overt Acts

14. In furtherance of the conspiracy, at least one of the co-conspirators committed and caused to be committed, in the Eastern District of Michigan and elsewhere, at least one of the following overt acts:

A. In or about 2013 or 2014, directing that the third-party payroll processor for The Staffing Companies stop automatically processing employment tax returns and withholding trust fund taxes to be paid over to the IRS.

B. In or about July 2014, causing to be filed with the State of Michigan paperwork indicating that defendant JAMIE A. COLLIER was the owner of one iteration of The Staffing Companies, when in fact Individual A was always the owner of The Staffing Companies.

    C.    From in or about December 2012 through in or about 2025, causing the names and physical locations of The Staffing Companies to change multiple times, to obscure the identity and operations of The Staffing Companies and to frustrate the IRS's ability to investigate The Staffing Companies' failure to pay employment taxes.

    D.    From in or about December 2012 through in or about 2021 (at the earliest), assuring The Staffing Companies' employees and clients—who routinely raised concerns about the employees' trust fund taxes not being paid over to the IRS—that their concerns about withholdings and taxes were being addressed, when in fact the defendant and Individual A were not trying in good faith to address the concerns.

    E.    From in or about December 2012 through in or about 2025, withholding trust fund taxes from the pay of employees at The Staffing Companies, and recording such withholdings on paystubs and Forms W-2 issued to the employees, while failing to pay over the trust fund taxes to the IRS.

(Title 18, United States Code, Section 371.)

                                          KAREN E. KELLY
                                        Chief, delegated D.A.A.G. for
                                        Criminal Matters
                                        U.S. Department of Justice,
                                        Tax Division

| /s/ Jorge Almonte | /s/ Hayter L. Whitman |
|---|---|
| Jorge Almonte | Hayter L. Whitman |
| Assistant Chief | Trial Attorney |
| U.S. Department of Justice, | U.S. Department of Justice, |
| Tax Division | Tax Division |
| 150 M Street N.E. | 150 M Street N.E. |
| Washington, DC 20002 | Washington, DC 20002 |
| (202) 305-3676 | (202) 307-1990 |
| Jorge.Almonte@usdoj.gov | Hayter.Whitman@usdoj.gov |

Dated: June 24, 2025

**Companion Case information MUST be completed by AUSA and initialed.**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes   ☑ No | **AUSA's Initials:** HLW |

**Case Title:** USA v. Jamie A. Collier

**County where offense occurred:** Genesee County

**Check One:**   ☑ Felony   ☐ Misdemeanor   ☐ Petty

    ____ Indictment/ _X_ Information --- **no** prior complaint.
    ____ Indictment/ ____ Information --- based upon prior complaint [**Case number:** _____ ]
    ____ Indictment/ ____ Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____   **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Jamie A. Collier | 18 U.S. Code Section 371<br>(1 count) | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

June 24, 2025
_____
Date

Hayter L. Whitman (DOJ, Tax Division)
150 M St. NE, Washington, DC 20002

Email: hayter.whitman@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

03/11/2013